MAR 11 2024 AM11:16
FILED - USDC - FLMD - ORL

Pro Se 7 (Rev. 12/16) Complaint for Employment Discrimination

# UNITED STATES DISTRICT COURT

for the

Middle District of Florida

6th Division

|  |  |
|---|---|
| Daniel Defrank | Case No. _____ |
| _Plaintiff(s)_ | _(to be filled in by the Clerk's Office)_ |
| (Write the full name of each plaintiff who is filing this complaint. If the names of all the plaintiffs cannot fit in the space above, please write "see attached" in the space and attach an additional page with the full list of names.) | Jury Trial: _(check one)_ ☒ Yes ☐ No |
| -v- | |
| Honorable Denis Richard McDonough Secretary of Veterans Affairs | |
| _Defendant(s)_ | |
| (Write the full name of each defendant who is being sued. If the names of all the defendants cannot fit in the space above, please write "see attached" in the space and attach an additional page with the full list of names.) | |

## COMPLAINT FOR EMPLOYMENT DISCRIMINATION

I.   **The Parties to This Complaint**

  A.   **The Plaintiff(s)**

  Provide the information below for each plaintiff named in the complaint. Attach additional pages if needed.

|  |  |
|---|---|
| Name | Daniel Defrank |
| Street Address | 3700 Lochinvar Ln. |
| City and County | Orlando |
| State and Zip Code | FL, 32803 |
| Telephone Number | 407-967-1757 |
| E-mail Address | danieldefrank@gmail.com |

  B.   **The Defendant(s)**

  Provide the information below for each defendant named in the complaint, whether the defendant is an individual, a government agency, an organization, or a corporation. For an individual defendant, include the person's job or title _(if known)_. Attach additional pages if needed.

Pro Se 7 (Rev. 12/16) Complaint for Employment Discrimination

**Defendant No. 1**

| | |
|---|---|
| Name | Denis Richard McDonough |
| Job or Title *(if known)* | Secretary of Veterans Affairs |
| Street Address | 1600 Pennsylvania Ave. NW |
| City and County | Washington, D.C. |
| State and Zip Code | 20500 |
| Telephone Number | 202-456-2021 |
| E-mail Address *(if known)* | |

**Defendant No. 2**

| | |
|---|---|
| Name | |
| Job or Title *(if known)* | |
| Street Address | |
| City and County | |
| State and Zip Code | |
| Telephone Number | |
| E-mail Address *(if known)* | |

**Defendant No. 3**

| | |
|---|---|
| Name | |
| Job or Title *(if known)* | |
| Street Address | |
| City and County | |
| State and Zip Code | |
| Telephone Number | |
| E-mail Address *(if known)* | |

**Defendant No. 4**

| | |
|---|---|
| Name | |
| Job or Title *(if known)* | |
| Street Address | |
| City and County | |
| State and Zip Code | |
| Telephone Number | |
| E-mail Address *(if known)* | |

**C.     Place of Employment**

The address at which I sought employment or was employed by the defendant(s) is

| | |
|---|---|
| Name | Orlando Veterans Healthcare Administration |
| Street Address | 38000 Veterans Way |
| City and County | Orlando |
| State and Zip Code | FL, 32821 |
| Telephone Number | 407-631-4000 |

## II.     Basis for Jurisdiction

This action is brought for discrimination in employment pursuant to *(check all that apply)*:

☒     Title VII of the Civil Rights Act of 1964, as codified, 42 U.S.C. §§ 2000e to 2000e-17 (race, color, gender, religion, national origin).

*(Note: In order to bring suit in federal district court under Title VII, you must first obtain a Notice of Right to Sue letter from the Equal Employment Opportunity Commission.)*

☐     Age Discrimination in Employment Act of 1967, as codified, 29 U.S.C. §§ 621 to 634.

*(Note: In order to bring suit in federal district court under the Age Discrimination in Employment Act, you must first file a charge with the Equal Employment Opportunity Commission.)*

☒     Americans with Disabilities Act of 1990, as codified, 42 U.S.C. §§ 12112 to 12117.

*(Note: In order to bring suit in federal district court under the Americans with Disabilities Act, you must first obtain a Notice of Right to Sue letter from the Equal Employment Opportunity Commission.)*

☒     Other federal law *(specify the federal law)*:
fourth amendment of the constitution Bivens action

☐     Relevant state law *(specify, if known)*:

☐     Relevant city or county law *(specify, if known)*:

Pro Se 7 (Rev. 12/16) Complaint for Employment Discrimination

---

### III.    Statement of Claim

Write a short and plain statement of the claim. Do not make legal arguments. State as briefly as possible the facts showing that each plaintiff is entitled to the damages or other relief sought. State how each defendant was involved and what each defendant did that caused the plaintiff harm or violated the plaintiff's rights, including the dates and places of that involvement or conduct. If more than one claim is asserted, number each claim and write a short and plain statement of each claim in a separate paragraph. Attach additional pages if needed.

A.    The discriminatory conduct of which I complain in this action includes *(check all that apply)*:

☐    Failure to hire me.

☐    Termination of my employment.

☐    Failure to promote me.

☐    Failure to accommodate my disability.

☐    Unequal terms and conditions of my employment.

☐    Retaliation.

☒    Other acts *(specify)*:    I was investigated for suspicion of diversion without legal credible probable cause. Colluded and fabricated witnesses statements and my disability were the probable cause used to slander me and investigate. Administration was aware the witnesses were impeached by documentation in the VA records. Administration withheld the truth to allow the investigation to continue based solely on my disability. The unconstitutional diversion investigation resulted in the temporary detail, repramand and eventual loss of career when I made whisleblower claims.

*(Note: Only those grounds raised in the charge filed with the Equal Employment Opportunity Commission can be considered by the federal district court under the federal employment discrimination statutes.)*

B.    It is my best recollection that the alleged discriminatory acts occurred on date(s)

May 13,2019 to August 9,2021

C.    I believe that defendant(s) *(check one)*:

☒    is/are still committing these acts against me.

☐    is/are not still committing these acts against me.

D.    Defendant(s) discriminated against me based on my *(check all that apply and explain)*:

☐    race        _____

☐    color       _____

☐    gender/sex  _____

Pro Se 7 (Rev. 12/16) Complaint for Employment Discrimination

☐    religion                    _____

☐    national origin             _____

☐    age *(year of birth)*          _____    *(only when asserting a claim of age discrimination.)*

☒    disability or perceived disability *(specify disability)*

my workers compensation disability, back fusion was
damaged on training equipement, hardware was
moved
_____

E.    The facts of my case are as follows.  Attach additional pages if needed.

Daniel Defrank Plaintiff, Facts of my case,

My EEOC disability discrimination case with the Orlando VHA began when two certified registered nurse anesthetist colleagues accused me of diverting the narcotic Alfentanil, on May 13,2019. The VA pharmacy electronic medical records (EMR) proved I had not dispensed any Alfentanil, eliminating the possibility I divert Alfentanil. Narcotics must be dispensed from the locked EMR system to have access to them. Accessing any narcotic creates a permanent record of the provider, patient, narcotic, date and time. Each narcotic is in an individual compartment containing one narcotic only. The administrator Rosy Santos was logged into the pharmacy record from my operating room, on May 13,2019, verifying all the narcotics counts with me as the second witness. Santos's opened and counted each individual narcotic compartment creating a record of the number of doses in each compartment. The entries are proof that administration witnessed the evidence proving that I could not logically divert Alfentanil if I had not dispensed it. Administration withheld the records using the impeached witnesses' statements as the probable cause during an unconstitutional felony diversion investigation. I was not provided the exculpatory evidence until 2023 during my EEOC discovery. "The Narcotics counts" were designed to provide documented two-person verification. The count is part of the anti-diversion tracking system providing the primary source of evidence in any hospital setting diversion cases. The number of alfentanil dispensed by me, on May 13,2019, is absent from any of the VA diversion case and EEOC records. The narcotics listed in the criminal case are from the wrong date May 10 not May 13. My disability was unlawfully disclosed to VA police and VAOIG detectives, ten days after the allegations were made. The disclosure on May 23,2019, at the initial meeting with police, violated section 501 of the rehabilitation act. The disclosure was used to criminalize me for my disability. Legally credible diversion evidence must exist prior to disclosing. The witnesses' unverified testimony is hearsay.

The surgeons' ability to perform the scheduled procedures on May 13,2019, indicated anesthesia treatment was received. My attending anesthesiologist also legally responsible for my patients was never made aware of the diversion accusations. An abusing provider requires immediate action. VA policy states veteran safety is the priority, immediate removal of the provider from patient care is required to meet veteran safety followed by administration of a narcotics screen. I was never removed from patient care. I was monitored by detectives randomly over the five months investigation. The head of the VA anesthesia department stated in EEOC evidence, Defrank was

providing anesthesia within guidelines. I worked as a certified registered nurse anesthetist, CRNA, at the Orlando VA from December 2014 to August 2021. I received all above average to outstanding annual reviews. The VA surgeons that I provided anesthesia for 8 hours a day, five days a week, gave me letters of recommendation in October 2019. I faithfully paid my 166,000 in student loans over 30years of healthcare service to the Orlando healthcare community. I graduated with honors from Advent College in Orlando with my master's degree in Anesthesia. The accusers were in my operating room to give me a 15-minute break, during one patient's procedure. They made identical accusations about all my patients' entire surgical experience, on May 13,2019. Both claiming, "Defrank dispensed unusually large amounts of Alfentanil for all his elderly patients, although, charted correctly, his patients did not exhibit the expected response to the large dose of alfentanil." They claim they verified this in the records. VA records impeach those identical statements. Administration never provided the Alfentanil records for May 13,2019 till EEOC discovery in 2023. They provided the narcotics records from May 10,2019, the incorrect date during the investigation. The exculpatory evidence from May 13,2019, is central to the events that led to my discrimination claims. The Brady and Giglio evidence were never recognized by the administrative Judge. It must be considered in a new case with a hearing. The AJ presented the witnesses as credible in the final decision. The witnesses' conspired and fabricated evidence should be removed from the EEOC case records. The exculpatory evidence must be considered in the discrimination case. It is important to state in the records there was no possibility I diverted alfentanil and why it was not possible. I have not had anyone recognize the central facts to my claim that the only probable cause was my disability. No credible evidence existed. I was just doing the job I was given. A hospital is required to have the ability to recognize a provider that is doing his assigned job. You don't destroy a provider's life over a colluded fabricated rumor, coming from possibly jealous colleagues.

After the police investigation and interrogation ended on October 24,2019, my father a WWII veteran became very ill. I was flying back and forth to my hometown to care for him. My father passed on April 10, 2020. I never question the allegations until after he passed. I trusted the VA. I dispensed Alfentanil only for specific surgeries. I found the surgery schedule from May 13,2019 determining I would not have dispensed Alfentanil for the surgeries the day I was accused. I verified with pharmacy. Then I became a whistleblower, on August 22,2020, I notified the authorities that the accusers committed collusion and perjury that resulted in wasting of federal

law enforcement resources. I asked the authorities for protection from the accusers. Instead of protection, I received a threatening encrypted email from administrators. The August 24,2020 email said, to forget what happened, to stop asking questions.

The lack of any sense of a duty to care is astounding in the investigation process. With the potential for devastation occurring in someone's life due to the magnitude of the criminal charges, I would believe the investigation would warrant great care and precision to protect an innocent frontline healthcare professional. That was not the case, the opposite occurred. I was assumed guilty and hunted down. My grace, empathy and concern for my patients was used to set me up. My efforts to improve the delivery of patient care at the VA and my efforts to save the life of a former patient were manipulated to legalize the disclosure of my disability. Evidence from VA EEOC discovery contains emails that document detectives trying to connect legally dispensed anesthesia medication with events in my disability history. Detectives' reports are pretexted with the impeached VA witnesses' testimony. The focus of the October 24, 2019, hour plus, interrogation was my disability in violation of the rehabilitation act. The questioning was misinformed. The police reports contain a narcotics list from the wrong date on all the records. The narcotics listed are from May 10, 2019, the day I was accused of diverting was May 13,2019. The date appears incorrectly, as May 10,2019, in some places and correctly in others May 13,2019. On May 10,2019, I did dispense Alfentanil for surgery patients, not on May 13,2019, the day I was accused of diverting Alfentanil. That needs to be clarified in all the records, it is central to my claims in the cases.

The intentional Failure to supply the Brady and Giglio evidence violates substantive due process, of constitutional law. The sixth amendment guarantees the rights of a criminal defendant, they are a public trial, a lawyer, to know the accusers, the nature of the charges and the evidence, I was never allowed any of those rights. The impeached "statements of records" are the centerpiece of the government's case and the Administrative Judges decision. The Administrative Judge was never made aware that the witnesses committed collusion and perjury and the VA protected them. The Administrative Judge assumed everything the VA lawyer stated was fact, that is false. The evidence needs to be evaluated with me present. I deserve a fair hearing. The VA has done everything possible to give me a hearing and protect my accusers from any accountability for their actions. It is unconstitutional, it is unjust. What is the VA so afraid of if I get a hearing. The investigation resulted in the loss of my reputation, career, job, life, liberty, and happiness. Transportation and Safety Agency stated my ability to receive department of Homeland Security's

clearance for Global Entry is denied because of the VA actions. I was criminalized for providing front line healthcare with grace, empathy, and compassion during the pandemic.

*(Note: As additional support for the facts of your claim, you may attach to this complaint a copy of your charge filed with the Equal Employment Opportunity Commission, or the charge filed with the relevant state or city human rights division.)*

## IV.   Exhaustion of Federal Administrative Remedies

A.   It is my best recollection that I filed a charge with the Equal Employment Opportunity Commission or my Equal Employment Opportunity counselor regarding the defendant's alleged discriminatory conduct on *(date)*

yes

B.   The Equal Employment Opportunity Commission *(check one)*:

☐   has not issued a Notice of Right to Sue letter.

☒   issued a Notice of Right to Sue letter, which I received on *(date)*   1/25/2024   .

*(Note: Attach a copy of the Notice of Right to Sue letter from the Equal Employment Opportunity Commission to this complaint.)*

C.   Only litigants alleging age discrimination must answer this question.

Since filing my charge of age discrimination with the Equal Employment Opportunity Commission regarding the defendant's alleged discriminatory conduct *(check one)*:

☐   60 days or more have elapsed.

☐   less than 60 days have elapsed.

## V.   Relief

State briefly and precisely what damages or other relief the plaintiff asks the court to order. Do not make legal arguments. Include any basis for claiming that the wrongs alleged are continuing at the present time. Include the amounts of any actual damages claimed for the acts alleged and the basis for these amounts. Include any punitive or exemplary damages claimed, the amounts, and the reasons you claim you are entitled to actual or punitive money damages.

primary relief is clearing my government records. I was denied Global Entry and I was told it was because of the diversion investigation. The VA passed information about me on to the Departement of Homeland Security. I checked my FBI record and that is clear. so, the VA is still Harrasing me because I did not just give up. i am fighting for my dignity. I would like my legal fees paid. It was all taken from my retirement funds. I filed a slander case against the two conspiratorers, that lied to support the VA diversion investigation. They received Soveriegn Immunity from VA administration. I am still paying on that case. It cost about 35,000. the EEOC case was about 30,000.

Pro Se 7 (Rev. 12/16) Complaint for Employment Discrimination

## VI.    Certification and Closing

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

### A.    For Parties Without an Attorney

I agree to provide the Clerk's Office with any changes to my address where case–related papers may be served.  I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Date of signing:        2/8/2024

Signature of Plaintiff       Daniel Defrankl

Printed Name of Plaintiff    Daniel Defrankl

### B.    For Attorneys

Date of signing:        _____

Signature of Attorney        _____

Printed Name of Attorney     _____

Bar Number                   _____

Name of Law Firm             _____

Street Address               _____

State and Zip Code           _____

Telephone Number             _____

E-mail Address               _____