UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**DANIEL DEFRANK,**

        **Plaintiff,**

v.                                      **Case No: 6:24-cv-491-CEM-EJK**

**SECRETARY OF VETERAN AFFAIRS,**

        **Defendant.**

**ORDER**

This cause comes before the Court on Defendant's Motion to Dismiss (the "Motion"), filed August 5, 2024. (Doc. 8.) Plaintiff, proceeding *pro se*, has not responded to the Motion, and the time for doing so has expired. Upon consideration, the Court finds that because Plaintiff has not yet served Defendant, Plaintiff is due to be given additional time to effect service of process, so the Motion to Dismiss will be denied without prejudice.

**I.    BACKGROUND**

Plaintiff, Daniel Defrank, is a former certified registered nurse anesthetist for the Department of Veteran Affairs ("VA"). (Doc. 1 at 7). In 2019, two of Plaintiff's colleagues accused him of diverting a narcotic, Alfentanil, for improper purposes. (*Id.* at 6). Plaintiff says the VA's pharmacy electronic medical records demonstrate that he did not divert narcotics, but the VA police and the VA Office of Inspector General (collectively, "VA Investigators") initiated a criminal investigation against him based

on witness statements. (*Id.*) During the investigation, Plaintiff's disability was disclosed to VA Investigators, which according to Plaintiff, "violated section 501 of the [R]ehabilitation [A]ct." (*Id.*)

Plaintiff sues Denis Richard McDonough, the Secretary of the VA. Plaintiff asserts claims pursuant to Title VII of the Civil Rights Act of 1964, the Americans with Disabilities Act of 1990,[1] and the Fourth Amendment to the U.S. Constitution. (Doc. 1 at 2.) Defendant moves to dismiss Plaintiff's Complaint pursuant to Rule 12(b)(1), (5), and (6).

II.   **STANDARD AND DISCUSSION**

A motion to dismiss brought pursuant to Rule 12(b)(5) tests the sufficiency of service of process. *See* Fed. R. Civ. P. 12(b)(5). "Valid service of process is a prerequisite for a federal court to assert personal jurisdiction over a defendant." *Laster v. City of Albany, Ga., Water, Gas & Light Co.*, 517 F. App'x 777, 777 (11th Cir. 2013) (unpublished). A defendant can waive an objection to insufficient service of process by failing to challenge service under Federal Rule of Civil Procedure 12. *Hemispherx Biopharma, Inc. v. Johannesburg Consol. Invs.*, 553 F.3d 1351, 1360 (11th Cir. 2008). The Rule permits a party to move to dismiss a complaint for insufficient service of process so long as the party objecting to service does so in the first responsive pleading. Fed. R. Civ. P. 12(b)(5); *Hemispherx Biopharma, Inc.*, 553 F.3d at 1360. Defendant raised

---

[1] While Plaintiff checked the box on his form Complaint to assert an Americans with Disabilities Act claim, it appears that Plaintiff actually intends to assert a claim pursuant to the Rehabilitation Act. (*Compare* Doc. 1 at 3 *with* 6.)

this issue in its first responsive pleading and, therefore, has not waived its objection to service of process.

According to Defendant, Plaintiff failed to properly effect service of process under Federal Rule of Civil Procedure 4(i), which governs service on the United States, its agencies, officers, or employees. Rule 4(i) provides, in relevant part:

> (1) *United States.* To serve the United States, a party must:
>
>> (A) (i) deliver a copy of the summons and of the complaint to the United States attorney for the district where the action is brought—or to an assistant United States attorney or clerical employee whom the United States attorney designates in a writing filed with the court clerk—or
>>
>> (ii) send a copy of each by registered or certified mail to the civil-process clerk at the United States attorney's office;
>>
>> (B) **send a copy of each by registered or certified mail to the Attorney General of the United States at Washington, D.C.**; **and**
>>
>> (C) if the action challenges an order of a nonparty agency or officer of the United States, send a copy of each by registered or certified mail to the agency or officer.
>
> (2) *Agency; Corporation; Officer or Employee Sued in an Official Capacity.* To serve a United States agency or corporation, or a United States officer or employee sued only in an official capacity, **a party must serve the United States and also send a copy of the summons and of the complaint by registered or certified mail to the agency, corporation, officer, or employee.**

Fed. R. Civ. P. 4(i)(1), (2) (emphasis added).

Plaintiff's return of service affidavit appears to demonstrate that Plaintiff has only sent a copy of the summons and Complaint by registered mail to the local United States Attorney's Office. (*See* Doc. 7.) This complies with part (1)(A) of Rule 4. However, Plaintiff has not yet sent a copy of the summons and complaint to the Attorney General of the United States or to the VA in order to comply with Part (1)(B) or (2) of Rule 4. (*Id.*; Doc. 8 at 18–19.) Therefore, service has not yet been effectuated.

However, the Court finds that it is not necessary to dismiss Plaintiff's Complaint. Federal Rule of Civil Procedure 4(m) provides: "If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time." Fed. R. Civ. P. 4(m). Here, more than 90 days have passed since the filing of Plaintiff's Complaint without proper service. (*See* Doc. 1.) However, the Court, on its own motion, will give Plaintiff additional time to serve Defendant, and after Plaintiff properly serves Defendant, Defendant may re-assert the unaddressed arguments made in its Motion.

## III. CONCLUSION

Upon consideration of the foregoing, it is **ORDERED** that Defendant's Motion to Dismiss (Doc. 8) is **DENIED WITHOUT PREJUDICE**. Because Plaintiff has not yet served Defendant, Plaintiff is due to be given additional time to effect service of process as follows:

1. Plaintiff is **DIRECTED** to properly effectuate service of process **and** file

proof of same **on or before November 8, 2024**; and

2. <u>Failure to timely comply with the aforementioned deadline could result in the dismissal of Plaintiff's case without further notice.</u>

**DONE** and **ORDERED** in Orlando, Florida on October 8, 2024.

_____
EMBRY J. KIDD
UNITED STATES MAGISTRATE JUDGE