UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**DANIEL DEFRANK,**

    **Plaintiff,**

v.                                        Case No. 6:24-cv-491-CEM-NWH

**SECRETARY OF VETERAN AFFAIRS, HONORABLE DENIS RICHARD MCDONOUGH,**

    **Defendant.**

_____/

### ORDER

THIS CAUSE is before the Court on Defendant's first Motion to Dismiss (Doc. 14), to which Plaintiff filed a Response (Doc. 17). The United States Magistrate Judge issued a Report and Recommendation ("R&R," Doc. 20), recommending that the Motion be granted in part and denied in part. This cause is also before the Court on Defendant's second Motion to Dismiss (Doc. 22), to which Plaintiff did not respond.

Although the Complaint and Amended Complaint lack clarity, it appears that Plaintiff is disputing criminal and civil allegations that he improperly distributed narcotics while employed by the Veterans Administration. (*See generally* Compl., Doc. 1; Am. Compl., Doc. 21). Defendant filed its first Motion to Dismiss, arguing

among other things, that the Complaint was a shotgun pleading. The Magistrate Judge agreed and recommended that the Complaint be dismissed without prejudice and Plaintiff be permitted to amend. Plaintiff did not object. Instead, without waiting for the Court to rule on the first Motion to Dismiss and the R&R, he filed an Amended Complaint. As such, after reviewing the R&R in accordance with 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure 72, the Court will accept the Magistrate Judge's recommended disposition and dismiss the Complaint without prejudice. Further, in the interests of justice, the Court will accept the Amended Complaint as properly filed.

However, as Defendant points out, the Amended Complaint still constitutes a shotgun pleading. Federal Rule of Civil Procedure 8(a)(2) requires a pleading to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Federal Rule of Civil Procedure 10(b) requires a party to "state its claims . . . in numbered paragraphs, each limited as far as practicable to a single set of circumstances." "The failure to identify claims with sufficient clarity to enable the defendant to frame a responsive pleading constitutes a 'shotgun pleading.'" *Beckwith v. Bellsouth Telecomms. Inc.*, 146 F. App'x 368, 371 (11th Cir. 2005) (quoting *Byrne v. Nezhat*, 261 F.3d 1075, 1029–30 (11th Cir. 2001)).

The Eleventh Circuit has defined four types of shotgun pleadings. *Weiland v. Palm Beach Cnty. Sheriff's Office*, 792 F.3d 1313, 1321 (11th Cir. 2015). "The most

common type—by a long shot—is a complaint containing multiple counts where each count adopts the allegations of all preceding counts, causing each successive count to carry all that came before and the last count to be a combination of the entire complaint." *Id.* The second most common type "is a complaint that . . . is guilty of the venial sin of being replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action." *Id*. at 1322. "The third type of shotgun pleading is one that commits the sin of not separating into a different count each cause of action or claim for relief." *Id*. at 1322–23. "Fourth, and finally, there is the relatively rare sin of asserting multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions, or which of the defendants the claim is brought against." *Id*. at 1323.

At a minimum, the Amended Complaint falls into the fourth category of shotgun pleadings. Indeed, it is not clear what or how many claims Plaintiff attempts to assert. He does not break down the allegations into claims. Instead, the Amended Complaint is composed of a long narrative, not clearly connected to any particular claim, and a single paragraph that summarily references "Title VII of the Civil Rights Act of 1964 . . . , the Rehabilitation Act of 1973 . . . and Bivens v. Six Unknown Named Agents, 403 U.S. 388 (1971)." (Doc. 21 at 1). This is insufficient

to put Defendant on notice of the claims asserted against him. Therefore, the Amended Complaint constitutes a shotgun pleading and is due to be dismissed.

Further, because Plaintiff did not respond to the second Motion to Dismiss or seek leave to amend, and because he has already been granted leave to amend once, the Court will not *sua sponte* grant it here again. *See Ross v. Apple, Inc.*, 741 F. App'x 733, 736 (11th Cir. 2018) (indicating that a court is only required to *sua sponte* provide a pro se plaintiff one opportunity to amend (citing *Silva v. Bieluch*, 351 F.3d 1045, 1048–49 (11th Cir. 2003))).

Accordingly, it is **ORDERED** and **ADJUDGED** as follows:

1. The Report and Recommendation (Doc. 20) is **ADOPTED** and made a part of this Order.
2. Defendant's first Motion to Dismiss (Doc. 14) is **GRANTED in part** and **DENIED in part**.
    a. The Complaint (Doc. 1) is **DISMISSED without prejudice**.
    b. The Motion is otherwise **DENIED**.
3. The Amended Complaint (Doc. 21) is **ACCEPTED** as properly filed.
4. Defendant's second Motion to Dismiss (Doc. 22) is **GRANTED**.
5. The Amended Complaint (Doc. 21) is **DISMISSED** as a shotgun pleading.
6. Defendant's Motion to Stay Discovery (Doc. 25) is **DENIED as moot**.

7. The Clerk is directed to close this case.

**DONE** and **ORDERED** in Orlando, Florida on August 25, 2025.



CARLOS E. MENDOZA
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Party